ORDER

The plea of guilty to Count 1 is accepted. The recommendations in the plea agreement are reserved until the time of sentencing.

Eli Richardson
U.S.D.J.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:19-CR-00092 |
| v. | ) | |
| | ) | Judge Richardson |
| LAWRENCE J. VALDEZ | ) | |

**PLEA AGREEMENT**

The United States of America, through Donald Q. Cochran, United States Attorney for the Middle District of Tennessee, and undersigned counsel, and defendant, Lawrence J. Valdez, through defendant's counsel, Peter J. Strianse, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

**Charges in This Case**

1. Defendant acknowledges that he has been charged in the Indictment in this case with 17 counts of distributing Schedule II controlled substances without a legitimate medical purpose and outside the usual course of professional practice, in violation of Title 21, United States Code, Section 841(a)(1).

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

**Charge to Which Defendant is Pleading Guilty**

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count 1 of the Indictment, charging distribution of Schedule II controlled substances without a

legitimate medical purpose and outside of the usual course of professional practice. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the Government will move to dismiss the remaining counts of the Indictment.

## Penalties

4. The 17 counts of the Indictment each carry the following maximum penalties: 20 years' imprisonment, at least 3 years of supervised release, a $1,000,000 fine, and a $100 special assessment. The parties understand and agree that the offense to which defendant will enter a plea of guilty carries the following maximum penalties: 20 years' imprisonment, at least 3 years of supervised release, a $1,000,000 fine, and a $100 special assessment.

## Acknowledgements and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant' criminal liability in case 3:19-CR-00092.

6. Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

    a. If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the Government, and the Court all agreed to have no jury.

    b. If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising

so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the Government bears the burden of proving defendant guilty of the charges beyond a reasonable doubt; and that it must consider each count of the Indictment against defendant separately.

    c.     If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

    d.     At a trial, whether by a jury or a judge, the Government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those Government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    e.     At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

7.     Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Factual Basis

8.     Defendant will plead guilty because he is in fact guilty of the charge contained in Count 1 of the Indictment. In pleading guilty, defendant admits the following facts and that those

3

facts establish his guilt beyond a reasonable doubt:

Defendant was an emergency specialist who was licensed by the State of Tennessee Department of Health, Board of Examiners as a medical doctor under license number 37215 since 2002. Defendant practiced emergency medicine in Hendersonville, Tennessee (Sumner County). As part of his practice, defendant prescribed controlled substances, including highly addictive opioids, with his Drug Enforcement Administration (DEA) license under DEA License Number BV8142818. Defendant routinely prescribed various Schedule II controlled substances, including oxymorphone and oxycodone, for his patients in exchange for sexual intercourse and other sexual acts with multiple individuals, including Patients A, B, C, and D. At the time of distribution, defendant knew the substance he was prescribing was a controlled substance. Defendant stipulates that the prescriptions for Patients A, B, C, and D were written without a legitimate medical purpose and outside the usual course of professional practice.

With respect to Count 1, on or about February 9, 2017, in the Middle District of Tennessee, the defendant did knowingly, intentionally, and without authority, distribute to Patient A a mixture and substance containing a detectable amount of oxymorphone, a Schedule II controlled substance, without a legitimate medical purpose and outside the usual course of professional practice. The defendant knew the substance he was distributing was a controlled substance at the time he was prescribing it, and that such substance was not being prescribed for any legitimate medical purpose.

Defendant also acknowledges that for the purpose of determining the applicable advisory sentencing range under the United States Sentencing Guidelines (hereinafter U.S.S.G.), the following conduct, to which he stipulates, constitutes relevant conduct under U.S.S.G. § 1B1.3:

On or about the dates set forth below, in the Middle District of Tennessee, the defendant

4

did knowingly, intentionally, and without authority, distribute a mixture and substance containing, as noted below, a detectable amount of oxymorphone or oxycodone, Schedule II controlled substances, without a legitimate medical purpose and outside the usual course of professional practice:

a. February 2, 2017 – Oxymorphone to Patient A
b. January 16, 2017 – Oxymorphone to Patient A
c. January 2, 2017 – Oxymorphone to Patient A
d. December 29, 2016 – Oxymorphone to Patient A
e. November 16, 2016 – Oxymorphone to Patient A
f. October 30, 2016 – Oxycodone to Patient A
g. June 21, 2016 – Oxycodone Patient A
h. June 18, 2016 – Oxycodone to Patient A
i. March 3, 2017 – Oxymorphone to Patient B
j. February 3, 2017 – Oxymorphone to Patient B
k. January 3, 2017 – Oxymorphone to Patient B
l. December 3, 2016 – Oxymorphone to Patient B
m. November 3, 2016 – Oxymorphone to Patient B
n. February 15, 2017 – Oxycodone to Patient C
o. March 13, 2017 – Oxymorphone to Patient D
p. February 25, 2017 – Oxymorphone to Patient D

The defendant knew the substances he was distributing were controlled substances at the times he was prescribing them, and that such substances were not being prescribed for any legitimate medical purpose. The parties understand and agree that the defendant's conduct giving rise to

5

Count 1, together with his relevant conduct, accounts for distributions of 10,400 mg of oxymorphone and 2,200 mg of oxycodone; which converts to 66.74 kg of marijuana pursuant to U.S.S.G. § 2D1.1.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty and to assess relevant conduct for purposes of the United States Sentencing Guidelines. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

## **Sentencing Guidelines Calculations**

9. The parties understand that the Court will take account of the U.S.S.G., together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2018.

10. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant agree to recommend to the Court, pursuant to Rule 11(c)(1)(B), the following:

    a. **Offense Level Calculations.**

        i. The base offense level for the count of conviction and relevant conduct is 20, pursuant to U.S.S.G. § 2D1.1(c)(10).

        ii. Pursuant to U.S.S.G. § 3B1.3, the defendant will receive a 2-level increase because he abused a position of trust in a manner that significantly facilitated the commission or concealment of the offense.

        iii. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and

6

subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

    b.    **Recommended Offense Level.** Therefore, the parties agree to recommend to the Court a final offense level, prior to any downward departure, of 19 (hereinafter the Recommended Offense Level). The parties further agree that no additional upward or downward adjustments, or U.S.S.G. based departures are appropriate. Defendant understands that the offense level as ultimately determined by the Court prior to any downward departure (the court-determined offense level) may be different from the Recommended Offense Level. Defendant likewise understands that the guidelines range as ultimately determined by the Court prior to any downward departure (the court-determined guidelines range) may be based on an offense level different from the Recommended Offense Level.

11.    Defendant is aware that the Recommended Offense Level is a prediction, not a promise, and is not binding on the Probation Office or the Court. Defendant understands that the Probation Office will conduct its own investigation and make its own recommendations, that the Court ultimately determines the facts and law relevant to sentencing, that the Court's determinations govern the final guidelines calculations, and that the Court determines both the final offense level and the final guidelines range. Accordingly, the validity of this agreement is

7

not contingent upon the Probation Officer's or the Court's concurrence with the above calculations. In the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments, departures, or calculations different from those recommended above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same. Defendant further acknowledges that if the Court does not accept the guidelines calculations of the parties, defendant will have no right to withdraw his guilty plea.

### Agreements Relating to Sentencing

12. Each party is free to recommend whatever sentence it deems appropriate.

13. It is understood by the parties that the Court is neither a party to nor bound by this Plea Agreement, and, after consideration of the U.S.S.G., may impose the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea. Similarly, defendant understands that any recommendation by the Court related to location of imprisonment is not binding on the Bureau of Prisons.

14. Defendant agrees to pay the special assessment of $100 at the time of sentencing to the Clerk of the U.S. District Court.

### Presentence Investigation Report/Post-Sentence Supervision

15. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The

Government will make known all matters in aggravation and mitigation relevant to the issue of sentencing, including the nature and extent of defendant's cooperation.

16. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

17. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

## Entry of Guilty Plea

18. The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and enter an order reflecting the acceptance of the plea while reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

## Waiver of Appellate Rights

19. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence within or below the guideline range associated with the Recommended Offense Level when combined with defendant's criminal history category as determined by the Court. Defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c)(2) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the Government waives the right to appeal any sentence: (i) within or above the guideline range associated with the Recommended Offense Level when combined with defendant's criminal history category; or (ii) below such guideline range if the Government has moved for a downward departure pursuant to U.S.S.G. § 5K1.1.

## Other Terms

20. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office. Defendant further agrees that any monetary penalties imposed by the Court will be subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and submitted to the Treasury Offset

Programs so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

21. Defendant agrees to cooperate with the IRS in any tax examination or audit of defendant and his wife and defendant's partnerships or corporations that directly or indirectly relates to or arises out of the course of conduct defendant has acknowledged in this Plea Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records that the IRS may request. Nothing in this paragraph precludes defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

22. Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the Government at its option may void this Plea Agreement.

## Conclusion

23. Defendant understands that the Indictment and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

24. Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the Government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

25. Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

26. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

27. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 11/25/19

LAWRENCE J. VALDEZ
Defendant

28. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 11/25/19

PETER J. STRIANSE

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney

By: *For* Anthony J. Burba
Trial Attorney, Fraud Section

William M. Grady
Trial Attorney, Fraud Section

Stephanie Toussaint
Deputy Criminal Chief

*For* Kilby MacFadden
Assistant Chief, Fraud Section

13